IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHERRY HARPER,

        Plaintiff,

    v.

MICHAEL J. ATRUE,
Commissioner of Social Security,

        Defendant.

No. CV 06-1218-MO

OPINION AND ORDER


**MOSMAN, J.,**

Plaintiff Sherry Harper seeks judicial review of the Social Security Commissioner's final decision denying her application for supplemental security income ("SSI") payments and disability insurance benefits ("DIB") under the Social Security Act.[1]  The court has jurisdiction under 42 U.S.C. § 405(g).  The Commissioner's decision is reversed, and this case is remanded for further administrative proceedings.

---

[1]Although her briefing states she only seeks judicial review of the Commissioner's denial of DIB, I, as well as the Commissioner, infer that Ms. Harper also seeks judicial review of the denial of SSI.

PAGE 1 - OPINION AND ORDER

## BACKGROUND

Born in 1972, Ms. Harper completed high school and one year of college.  Tr.[2] 58, 17. Her past relevant work experience included employment as a home attendant, a housekeeper, a cleaner, and a nurse's assistant.  Tr. 371, 549.  She alleges she became disabled on October 19, 2001, due to the loss of use in her right hand, degenerative disc disease, and pain.  Tr. 17. Ms. Harper previously filed for DIB in January 2000.  Tr. 17.  That claim was initially denied without further appeal.  Tr. 17.  Later, on November 16, 2001, she filed for DIB and SSI.  Tr. 17. This second application was denied initially and on reconsideration.  Tr. 17.  After a hearing, on May 27, 2004, the ALJ found Ms. Harper was not disabled.  Tr. 17-25.  The Appeals Council denied review, and Ms. Harper sought judicial review of that decision.  Tr. 8.  While pending judicial review, the parties, by stipulated motion, agreed that the case should be remanded for further administrative proceedings.  On June 2, 2005, I granted that motion.

Pursuant to my remand order, a hearing was held on April 20, 2006.  Although her original claim was for ongoing disability, at the hearing, Ms. Harper amended her application to reflect a closed period of disability from October 19, 2001 to April 2005.  Tr. 370, 542-43.  After the second hearing, the ALJ again found Ms. Harper not disabled.  Tr. 370-78.  The Appeals Council declined to review the case and this appeal followed.

## DISABILITY ANALYSIS

The initial burden of establishing disability rests upon the claimant.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner bears the burden of developing the record.  *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

---

[2] "Tr." refers to the official transcript of record submitted by the Commissioner on January 3, 2007.

PAGE 2 - OPINION AND ORDER

The Commissioner has established a five-step sequential process for determining whether a person over the age of 18 is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520; 416.920.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

At step two, the ALJ must determine whether the claimant has any "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. The claimant will be found not disabled if the ALJ determines that she has no severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). If the claimant has severe impairments, the ALJ must proceed to step three.

At step three, the ALJ must determine whether the claimant has impairments that meet or equal "one of a number of listed impairments that the [ALJ] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d). The criteria for these listed impairments, also called Listings, are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the ALJ determines the claimant's impairments meet or equal a Listing, the ALJ will find the claimant disabled without completing the remaining steps in the sequence.

If the adjudication proceeds beyond step three, the ALJ must assess the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(a); 416.920(e); 416.945(a); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (1996). The ALJ uses the claimant's RFC in his step-four and step-five determinations.

At step four, the claimant is not disabled if the ALJ determines she retains the RFC to perform her past relevant work experience. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); 416.920(a)(4)(iv), (f).

PAGE 3 - OPINION AND ORDER

At step five, the ALJ must determine whether the claimant can perform work that exists in the national economy. *Yuckert*, 482 U.S. at 142; 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).  Here, the burden shifts to the ALJ to show that a significant number of jobs exist in the national economy that the claimant can perform. *Yuckert*, 482 U.S. at 146 n.5; *Tackett*, 180 F.3d at 1098.  If the ALJ meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1); 420.920(a)(4)(v), (g)(1).

## THE ALJ'S FINDINGS

Ms. Harper challenges the ALJ's RFC assessment, credibility determination, and step-five findings.  Although the ALJ found Ms. Harper's allegations concerning her limitations generally credible, he rejected them to the extent that she was disabled and unable to work during the closed period.  Tr. 377.  He assessed the following RFC for the closed period of disability:

> [Ms. Harper] was limited from lifting and carrying more than 10 pounds frequently with an occasional 20 pound maximum and was limited to occasional ladder climbing, stooping, crouching, squatting, and kneeling.  She needed an opportunity to change position.  With the right dominant hand, she was limited to occasional handling, fingering, and feeling, with difficulty gripping and difficulty with fine manipulation.  She had a limited capacity to forward flex the neck for prolonged periods.  She had a limited capacity to extend the neck for more than short periods.

Tr. 374-75, 377.  The ALJ did not include any left-hand limitations in his RFC assessment based on the testimony of the medical expert at the hearing and due to the lack of any reference of such limitations in the medical evidence of record.  Tr. 375.  He then determined she retained the RFC to perform a significant range of light work.  Tr. 377.

At step five, with the assistance of Medical-Vocational Rules 202.21 and 202.22 and of a vocational expert ("VE"), the ALJ determined there were a significant number of jobs in the national economy that Ms. Harper could have performed, including companion, surveillance systems monitor, and call-out operator.  Tr. 377.  As such, he found Ms. Harper was not disabled under the Act.  Tr. 377.

4 - OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner.  *Batson*, 359 F.3d at 1193; *Andrews*, 53 F.3d at 1039-40.

**DISCUSSION**

Failing to cite to any legal authority in support of her arguments, Ms. Harper contends the ALJ: (1) improperly evaluated her credibility; (2) erred in determining her RFC; and (3) and failed to meet his burden at step five.  I address these contentions below.

**I.    Credibility Determination**

Ms. Harper asserts the ALJ improperly rejected her testimony concerning her right hand and arm limitations associated with causalgia because he failed to provide a basis for rejecting her testimony.  However, a close review of the ALJ's decision shows he did not reject her testimony regarding these limitations.  Rather, the ALJ found Ms. Harper "generally credible, but not to the extent that she was disabled and unable to work during the closed period." Tr. 374. He made no findings regarding her testimony about her right hand and arm limitations.  As such, it would be error for this court to make any independent findings on this issue or to affirm the ALJ's decision on a basis he did not set forth.  *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943);

*Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  I therefore reject Ms. Harper's credibility challenge.

**II.    RFC Assessment**

Next, Ms. Harper argues the ALJ's RFC assessment failed to properly account for all of her limitations.  Specifically, she asserts her RFC determination was wrong because: (1) the ALJ relied on disability determination services ("DDS") physicians who did not assess her following her diagnosis of right hand causalgia or reflex sympathetic disorder; and (2) the ALJ found no left-hand limitations.

The ALJ is responsible for assessing a claimant's RFC.  20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-5p, at *4, 1996 WL 374183 (1996).  As SSR 96-5p explains, even though the ALJ's RFC assessment may adopt the opinions of a medical source, including DDS physicians' findings, they are not the same and should not be equated.[3]  Medical opinions are just that–opinions "about what an individual can still do despite a severe impairment, in particular about an individual's physical or mental abilities to perform work-related activities on a sustained basis."  SSR 96-5p, at *4, 1996 WL 374183.  Whereas, "an RFC assessment is the [ALJ's] ultimate finding based on a consideration of [these] opinion[s] and all the other evidence in the case record about what an individual can do despite . . . her impairment[s]."  *Id.*; *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (RFC assessment requires consideration of all relevant evidence in the record, including "medical records, lay evidence, and 'the effects of symptoms . . . that are reasonably attributed to a medically determinable impairment'") (quoting SSR 96-8p, at *5, 1996 WL 374184 (1996)); 20 C.F.R. § 404.154(a)(3).

In this case, although the ALJ weighed DDS physicians' opinions in assessing Ms. Harper's RFC, his RFC assessment included consideration of her diagnosis of causalgia or

---

[3]DDS doctors' findings become opinion evidence at the ALJ level.  SSR 96-5p, at *6, 1996 WL 374183.

reflex sympathetic dystrophy.  As he explained, her medically determinable severe impairments included "carpal tunnel syndrome status post October 19, 2001, . . . with causalgia or reflex sympathetic dystrophy" for her right hand.  Tr. 374.  Additionally, DDS Dr. Lew Meyers testified at the hearing on remand that he agreed with the ALJ's RFC finding for Ms. Harper's right hand.  Tr. 547.  Dr. Meyers' conclusion was based on a review of the medical evidence of record, which included her diagnosis of causalgia.  Tr. 547.  Neither the ALJ nor Dr. Meyers simply relied on RFC assessments made prior to Ms. Harper's diagnosis of causalgia.  Accordingly, I find the ALJ's RFC determination in this regard was not in error.

Ms. Harper further contends the ALJ's RFC finding was improper because it did not include any left-hand limitations.  The ALJ based that finding on Dr. Meyers' testimony and on a "careful review of the full record."  Tr. 375.  After his careful review, he determined Ms. Harper had not reported any occurrences of left-hand symptoms to her medical providers and that no references were made regarding any difficulties with her left hand.  Tr. 375.  These findings are not supported by substantial evidence and are, therefore, in error.

A careful review of the record clearly indicates Ms. Harper was diagnosed with bilateral carpal tunnel syndrome.  Tr. 214, 216, 228, 235, 271, 298.  The record also provides she was experiencing symptoms due to left-side carpal tunnel syndrome, including pain and numbness.  Tr. 214, 216, 228, 235, 271, 298.  Moreover, at her first hearing before the ALJ, Ms. Harper testified her left-side symptoms were severe and that she was having trouble with pain, numbness, and gripping.  Tr. 356.

Because I find the ALJ erred in assessing Ms. Harper's RFC, it is unnecessary to address the ALJ's step-five findings.  Those findings were based on an erroneous RFC assessment.  I further find remand is necessary to remedy these defects and to further enhance the record.  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  Accordingly, the ALJ is ordered to reassess Ms. Harper's RFC, including any

left-hand limitations, and to reevaluate his step-five findings with the assistance of a VE.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and

REMANDED FOR FURTHER ADMINISTRATIVE PROCEEDINGS consistent with this

opinion under sentence four of 42 U.S.C. 405(g).

IT IS SO ORDERED.

DATED this  18th  day of June, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court